UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PSI SYSTEMS, INC., D/B/A ENDICIA <br><br> Plaintiff, <br><br> V. <br><br> AUCTANE L.L.C. D/B/A SHIPSTATION <br><br> Defendant. | Civil Action No: 1:14-cv-750 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff PSI Systems, Inc., d/b/a Endicia ("Plaintiff Endicia") complaining of Auctane, L.L.C. d/b/a ShipStation ("Defendant ShipStation") and for cause of action would respectfully show the Court as follows:

## I.
## PARTIES

1.   Plaintiff Endicia at all times relevant hereto is a California corporation with its principal office located at 385 Sherman Avenue, Palo Alto, California 94306.

2.   Defendant ShipStation at all times relevant hereto is a Texas limited liability company with its principal offices located at 2815 Exposition Blvd., Austin, Texas 78703. Defendant ShipStation may be served through registered agent Jason Hodges, at 1460 E. Whitestone Blvd., Suite 120, Cedar Park, Texas 78613.

## II.
## JURISDICTION

3.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiff Endicia and Defendant ShipStation are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4.     This Court has personal jurisdiction over Defendant ShipStation because Defendant ShipStation is a citizen of the State of Texas, within the Western District, and conducts systematic and continuous business in the State of Texas, and within the Western District.

## III.
## VENUE

5.     Venue for this action is proper pursuant to 28 U.S.C. §1391(a)(2) since Defendant ShipStation or their agents are subject to personal jurisdiction in this jurisdiction. Defendant ShipStation is also subject to personal jurisdiction because Defendant ShipStation transacts business within the State of Texas or contracts elsewhere to supply goods and services in the State of Texas and within the Western District.

6.     Venue for this action is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action arose within the Western District, and because Defendant ShipStation is, and at all relevant times was, a limited liability company organized and existing under the laws of the State of Texas.

## IV.
## FACTUAL BACKGROUND

7.     Plaintiff Endicia is engaged in the business of providing software that enables the generation of United States Postal Service ("USPS") postage stamps and shipping labels using a personal computer, which allows customers of Plaintiff Endicia to produce the entire spectrum of USPS shipping labels complete with tracking, postage, and insurance ("USPS

Shipping Labels"). Plaintiff Endicia has various agreements with the USPS pursuant to which Plaintiff Endicia is an approved PC Postage Provider.

8. As part of its offerings Plaintiff Endicia licenses other software companies to integrate its Endicia Label Server ("ELS") software service into the applications those companies provide so that their customers can print USPS Shipping Labels using a personal computer. Plaintiff Endicia owns the entire right, title and sole interest in and to ELS.

9. One such licensee is Defendant ShipStation which provides shipping software for online sellers. The Defendant ShipStation software allows online sellers to import orders from various sources, manage those orders from various sources and print USPS Shipping Labels and shipping labels for other shipping providers.

10. Plaintiff Endicia and Defendant ShipStation have done business with each other since the Defendant ShipStation's earliest days as a company. On or about July 26, 2011, Plaintiff Endicia and Defendant ShipStation entered into an agreement which allowed Defendant ShipStation to integrate ELS in the applications that it provides customers in order to allow customers to print their own USPS Shipping Labels and to provide various other capabilities to customers.

11. On or about November 12, 2013, Plaintiff Endicia and Defendant ShipStation entered into a new agreement which superseded the July 26, 2011 agreement. The new agreement and subsequent amendment thereto (referred to collectively as the "Agreement", true and correct copies of which are attached as Exhibit A and filed under seal). The Agreement allowed Defendant ShipStation to integrate ELS in the applications that it provides to customers in order to print their own USPS Shipping Labels and to provide various other capabilities to customers.

12. Plaintiff Endicia also has an agreement with Rapid Enterprises, Inc., d/b/a

"Express One" or "Express1," (hereinafter "Express One") by which Express One licenses Plaintiff Endicia's ELS for integration with Express One's software to enable customers to print their own USPS Shipping Labels and other capabilities for customers.

13. The business interaction among Express One, Plaintiff Endicia, and Defendant ShipStation operates as follows: Customers use Defendant ShipStation to import and manage their orders for products they sell through various sources (Ebay, Amazon, etc.), to print shipping labels for various shipping providers (UPS, FedEx, USPS, etc.), and to ensure they have information about the cost of shipping and delivery status of their packages. When customers want to print a USPS Shipping Label, they use Plaintiff Endicia's ELS to ensure the USPS Shipping Labels comply with all USPS regulations and ensure that tracking information is generated and managed correctly with USPS. These customers may use Plaintiff Endicia's ELS via Express One to get discounted pricing on certain types of USPS shipping. Under this arrangement, Endicia ensures that the USPS is paid for the cost of postage for shipping labels printed through ELS.

14. Plaintiff Endicia referred some customers to use Defendant ShipStation's platform with the expectation that all of those customers who print USPS Shipping Labels would use Plaintiff Endicia's software. The Defendant ShipStation referral program was made part of the payment terms under the Agreement.

15. Plaintiff Endicia entered into the Agreement with Defendant ShipStation with the express understanding and reliance that (a) customers of Defendant ShipStation who choose Plaintiff Endicia as their shipping provider would print USPS Shipping Labels using Plaintiff Endicia's ELS and thus become customers of Plaintiff Endicia under the terms of the Agreement, and (b) customers of ShipStation who used Express One to get discounted pricing would print USPS shipping labels using Plaintiff's Endicia's ELS and thus become customers of

Plaintiff Endicia under the terms of the Agreement. This Agreement and course of conduct between Plaintiff Endicia and Defendant ShipStation lasted from July, 2011 to in or about July, 2014.

16.    In furtherance of the objectives of the Agreement, Plaintiff Endicia provided Defendant ShipStation with a license to use Plaintiff Endicia's innovative and cutting edge software. In so doing Plaintiff Endicia provided Defendant ShipStation access to Plaintiff Endicia's customer list, confidential information and/or trade secrets and proprietary software programs. This information was not generally known or readily available to Defendant ShipStation but for the Agreement.

17.    In consideration for providing this information, the terms of the Agreement expressly prohibit Defendant ShipStation from soliciting customers of Plaintiff Endicia.

18.    Further, the terms of the Agreement expressly prohibit Defendant ShipStation from using any of Plaintiff Endicia's confidential information and/or trade secrets obtained as a result of the Agreement other than for the mutual benefit purposes set forth in the Agreement. Confidential information and/or trade secrets are protected for a period of at least three years following the termination of the Agreement.

19.    There are only two businesses, other than Plaintiff Endicia, authorized and licensed by the USPS as approved PC Postage Providers and only one of those businesses provides services and products substantially similar to Plaintiff Endicia: Stamps.com. Stamps.com is Plaintiff Endicia's only direct competitor with respect to the provision of PC Postage using a software service similar to ELS.

20.    On June 16, 2014, Stamps.com announced the acquisition of Defendant ShipStation for up-front consideration of $50 million in cash plus performance-linked earn-out consideration of up to 768,900 shares of Stamps.com common stock. At the close of the

acquisition, Defendant ShipStation was fully-owned and consolidated by Stamps.com effective June 10, 2014.

21. Since at least July 23, 2014, Defendant ShipStation has intentionally misappropriated and wrongfully used Plaintiff Endicia's confidential information and/or trade secrets, and solicited customers on behalf Stamps.com using information obtained under the Agreement. Before July 23, 2014, customers of Plaintiff Endicia who received discounted shipping labels through Express One only printed USPS Shipping Labels by using Plaintiff Endicia's ELS. On or about July 23, 2014, Defendant ShipStation unilaterally migrated, flipped, pointed, and/or reprogrammed nearly all of those customers receiving discounts through Express One to Stamps.com in order to print USPS Shipping Labels. ShipStation also intended to migrate other customers of Plaintiff Endicia to Stamps.com with changes to the software applications that previously allowed the customers to print USPS Shipping Labels using Plaintiff Endicia's ELS and caused the customers to lose access to their Endicia accounts.

22. On or about July 24, 2014, one of Plaintiff Endicia's customers notified Plaintiff Endicia that its account had been switched from Plaintiff Endicia as the selected PC Postage Provider over to Stamps.com without the customer's knowledge or consent. At that time, Plaintiff Endicia became aware that Defendant ShipStation had solicited Plaintiff Endicia's customers and misappropriated Plaintiff Endicia's customer information and/or trade secrets. Defendant ShipStation's actions have left Plaintiff Endicia without access to its own customer information and/or trade secrets, for example, but not limited to, customer account information, customer history data, customer transaction volume, customer transaction pricing, and customer transaction trends, by unilaterally migrating, flipping, pointing, and/or reprogramming the customers to Stamps.com, which now has access to and control of Plaintiff Endicia's confidential information and/or trade secrets. Defendant ShipStation continues to

use Plaintiff Endicia's customer list and other information and/or trade secrets learned under the Agreement to effectuate its plan to solicit and divert customers of Plaintiff Endicia to stop using Plaintiff Endicia and instead to print USPS Shipping Labels using Stamps.com.

23.     Thereafter, Plaintiff Endicia became aware that Defendant ShipStation had directly solicited Plaintiff Endicia's customers and as a result, misappropriated Plaintiff Endicia's confidential information and/or trade secrets by, inter alia, unilaterally and instantaneously switching over what is believed to be at least three thousand five hundred (3,500) of Plaintiff Endicia's customers and reclassifying them as Stamps.com customers, diverting them to Plaintiff Endicia's primary competitor (and now Defendant ShipStation's parent company).

24.     Defendant ShipStation has thus clearly solicited Plaintiff Endicia customers by unilaterally manipulating their accounts to divert those customers from Plaintiff Endicia to Stamps.com and/or Defendant ShipStation.  Furthermore, to orchestrate this customer diversion, Defendant ShipStation intentionally misappropriated and wrongfully used Plaintiff Endicia's confidential information and/or trade secrets.  In fact, Defendant ShipStation's actions have even left Plaintiff Endicia without access to its own confidential information and/or trade secrets by hi-jacking those customer accounts away and diverting them to Stamps.com, which now presumably has complete access to and control of Plaintiff Endicia's customer information and/or trade secrets.

## V.
## CAUSES OF ACTION

**A.      COUNT ONE: BREACH OF CONTRACT – NON-SOLICITATION**

25.     Plaintiff Endicia hereby incorporates the preceding paragraphs by reference.

26.     The Agreement is a valid and enforceable contract of which Plaintiff Endicia and

Defendant ShipStation are the proper parties thereto.[1]

27. Pursuant to the Agreement, Defendant ShipStation agreed that it would not use any information obtained as a result of the Agreement to solicit customers of Plaintiff Endicia with respect to services or products substantially similar to those offered by Plaintiff Endicia.

28. Defendant ShipStation breached the Agreement by directly and instantaneously diverting existing Plaintiff Endicia's customers causing them to instead use Stamps.com services for Defendant ShipStation's economic benefit. Approximately thirty five hundred (3,500) users that were originally using Plaintiff Endicia as a PC Postage Provider to print USPS Shipping Labels are now using Stamps.com to provide the same services as a result of this unilateral account manipulation by Defendant ShipStation.

29. Defendant ShipStation also breached the Agreement by using information obtained as a result of the Agreement to solicit and/or divert customers of Plaintiff Endicia to Stamps.com with respect to services or products substantially similar to those offered by Plaintiff Endicia.

30. Defendant ShipStation expressly agreed in the Agreement that any such solicitation of Plaintiff Endicia's customers and any misuse or disclosure of Plaintiff Endicia's confidential information and/or trade secrets may cause irreparable harm entitling them to injunctive relief.

31. Defendant ShipStation's breach has caused and continues to cause Plaintiff Endicia injury.

32. Plaintiff Endicia is entitled to punitive damages under Delaware law because Defendant ShipStation's use of information obtained as a result of the Agreement to solicit customers of Plaintiff Endicia with respect to services or products substantially similar to those

---

[1] Pursuant to section 10.9, the Agreement is governed by the laws of the State of Delaware, excluding its conflict of laws rules.

offered by Plaintiff Endicia amounts to tortious conduct and was malicious, willful, and wanton for the purpose of injuring Plaintiff Endicia by depriving it of the benefits of the Agreement.

B.   **COUNT TWO: BREACH OF CONTRACT -- MISAPPROPRIATION OF CONFIDENTIAL INFORMATION AND TRADE SECRETS**

33.   Plaintiff Endicia hereby incorporates the preceding paragraphs by reference.

34.   The Agreement is a valid and enforceable contract of which Plaintiff Endicia and Defendant ShipStation are the proper parties thereto.

35.   Pursuant to the Agreement, a trade secret is confidential information that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

36.   Plaintiff Endicia disclosed confidential information and/or trade secrets to Defendant ShipStation pursuant to the Agreement.  Defendant ShipStation, while entitled to use the information to perform its obligations under the Agreement, instead misused and disclosed those trade secrets to Stamps.com through improper means. The confidential information and/or trade secrets disclosed include the following: (1) customer information including customer names, account profiles, email addresses, and physical addresses which can be used for sales, solicitation and customer account conversion, (2) present and historical shipping volumes, shipping types, shipping activity trends and other marketing characteristics of individual customers, and (3) destination address information that could be used for marketing purposes.

37.   Defendant ShipStation intentionally misappropriated Plaintiff Endicia's confidential information and/or trade secrets by leveraging the information to identify Plaintiff Endicia's customer accounts that Defendant ShipStation then used to switch from Plaintiff

Endicia to Stamps.com. This action resulted in disclosure to Stamps.com of Plaintiff Endicia's confidential information and/or trade secrets and customer information. Moreover, the reclassification had the astounding effect of preventing Plaintiff Endicia from having visibility and access to its own customer's information.

38.   Defendant ShipStation's breach has caused and continues to cause Plaintiff Endicia injury.

39.   Plaintiff Endicia is entitled to punitive damages under Delaware law because Defendant ShipStation's direct and indirect disclosure to Stamps.com and intentional misappropriation of Plaintiff Endicia's confidential information and/or trade secrets amounts to tortious conduct and was malicious, willful, and wanton for the purpose of injuring Plaintiff Endicia by depriving it of the benefits of the Agreement.

C.   **COUNT THREE: BREACH OF CONTRACT – PAYMENT OF ROYALTIES**

40.   Plaintiff Endicia hereby incorporates the preceding paragraphs by reference.

41.   The Agreement is a valid and enforceable contract of which Plaintiff Endicia and Defendant ShipStation are the proper parties thereto.

42.   Pursuant to the Agreement Defendant ShipStation understood that Plaintiff Endicia receives a royalty from the USPS when customers print certain types of USPS Shipping Labels (also referred to by the parties as a "revenue share" or "rev share"). In addition, Defendant ShipStation knows that Plaintiff Endicia receives a monthly royalty from Express One for supporting these customers. Defendant ShipStation is aware that the payment of these royalties is an integral part of the business model between Plaintiff Endicia, Defendant ShipStation and Express One. Similarly, Plaintiff Endicia pays Defendant ShipStation a percentage of revenue share for direct customers who use Plaintiff Endicia to print USPS Shipping Labels for certain types of transactions.

43.     Defendant ShipStation breached the Agreement by unilaterally migrating, flipping, pointing, and/or reprogramming customers of Plaintiff Endicia's customers to Stamps.com in order to print their USPS Shipping Labels, and, as a result, Stamps.com now receives royalty payments previously paid to Plaintiff Endicia from Express One and USPS for those customers.

44.     Defendant ShipStation's breach has caused and continues to cause Plaintiff Endicia injury.

45.     Plaintiff Endicia is entitled to punitive damages under Delaware law because Defendant ShipStation's unilaterally migrating, flipping, pointing, and/or reprograming customers of Plaintiff Endicia to Stamps.com in order to print their USPS Shipping Labels amounts to tortious conduct and was malicious, willful, and wanton for the purpose of injuring Plaintiff Endicia by depriving it of the benefits of the Agreement.

D.     **COUNT FOUR: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

46.     Plaintiff Endicia hereby incorporates the preceding paragraphs by reference.

47.     The Agreement is a valid and enforceable contract of which Plaintiff Endicia and Defendant ShipStation are the proper parties.

48.     The Agreement imposes upon the parties an implied covenant of good faith and fair dealing.

49.     Under Federal Rule of Civil Procedure 8(d)(2), Plaintiff Endicia alleges the following specific implied contractual obligations:

(a) Defendant ShipStation will not solicit, divert, or otherwise redirect customers using Plaintiff Endicia's ELS and their accounts from Plaintiff Endicia to competitors of Plaintiff Endicia;

(b) Defendant ShipStation will refrain from self-dealing for its own

economic benefit to the detriment of Plaintiff Endicia;

(c) Defendant ShipStation will refrain from arbitrary or unreasonable conduct which has the effect of preventing Plaintiff Endicia from receiving the benefits of the bargain in the Agreement.

50. Defendant ShipStation breached the implied covenant of good faith and fair dealing in the foregoing ways.

51. Defendant ShipStation's breach has caused and continues to cause Plaintiff Endicia injury.

E.  **COUNT FIVE: MISAPPROPRIATION OF TRADE SECRETS**

52. Plaintiff Endicia hereby incorporates the preceding paragraphs by reference.

53. The customer information and ELS software are trade secrets as defined by the Delaware Uniform Trade Secrets Act because they both have independent economic value to Plaintiff Endicia and they are protected and treated as secrets by Plaintiff Endicia.

54. Plaintiff Endicia disclosed confidential information and/or trade secrets to Defendant ShipStation pursuant to the Agreement, including (1) customer information, namely customer names, account profiles, email addresses, and physical addresses; (2) present and historical shipping volumes, shipping types, shipping activity trends and other marketing characteristics of individual customers; and (3) destination address information that could be used for marketing purposes. Defendant ShipStation acquired, used, and/or disclosed to Stamps.com the confidential information and/or trade secrets through intentional and improper means in violation of 6 Del. C. §2001 (2014).

55. Defendant ShipStation's breach has caused and continues to cause Plaintiff Endicia injury.

F. **COUNT SIX: DECLARATORY JUDGMENT**

56. Plaintiff Endicia hereby incorporates the preceding paragraphs by reference.

57. Pursuant to 10 Del. C. §6501 or in the alternative Texas Civil Practice and Remedies Code 37 and/or 28 USC §2202, Plaintiff Endicia seeks a declaration from the Court that per the express terms of the Agreement:

(a) Defendant ShipStation is prevented from diverting and/or soliciting Plaintiff Endicia's customers to use third party products or services substantially similar to those offered by Plaintiff Endicia. Specifically, Defendant ShipStation must not divert and/or solicit Plaintiff Endicia's customers to Stamps.com or any other postage printing technology;

(b) Defendant ShipStation is prevented either directly or through its affiliated or parent companies from diverting, soliciting, and/or inducing solicitation by another party of any of Plaintiff Endicia's customers to use third party products or services substantially similar to those offered by Plaintiff Endicia, including PC Postage products and services offered by Stamps.com;

(c) That temporary, preliminary and permanent injunction is the proper remedy to which Plaintiff Endicia is entitled to against Defendant ShipStation for any breach or threat of breach of Article 7;

(d) Defendant ShipStation is prevented from using (except in performing its obligations under the Agreement) or disclosing

to any third parties Plaintiff Endicia's confidential information and/or trade secrets from November 12, 2013 through at least November 12, 2019; and

(e) Plaintiff Endicia is entitled to the payment of monthly royalties from Express One and USPS for all active customer accounts from July 23, 2014 through November 12, 2016.

## VI.
## CONDITIONS PRECEDENT

58. All conditions precedent for the claims above have been performed or have occurred.

## VII.
## APPLICATIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

59. Plaintiff Endicia realleges and incorporates by reference the allegations made in the above paragraphs.

47. Pursuant to Local Rule of Court 65-1, Plaintiff Endicia will file separate from this Original Complaint applications for preliminary injunction and permanent injunction enjoining Defendant ShipStation from breaching the above-referenced common law and contractual duties and requesting this Court to enter an order which requires that Defendant ShipStation: (i) reverse the migration, flipping, pointing, reprogramming, and/or classification of Plaintiff Endicia's customers from Stamps.com back to Plaintiff Endicia as the PC Postage Provider and/or for printing USPS Shipping Labels; (ii) cease soliciting any past or present customer of Plaintiff Endicia to use services similar to those offered by Plaintiff Endicia. Specifically, Defendant ShipStation must not divert Plaintiff Endicia's customers to Stamps.com or any other postage printing technology. To the extent that Defendant ShipStation has already done so, they must revert those customers back to Plaintiff Endicia for printing USPS

Shipping Labels; (iii) cease using Defendant ShipStation's software to impair, restrict, or disable the capabilities or performance of Plaintiff Endicia's software who provides services similar to those offered by Plaintiff Endicia; (iv) cease using (except in performing its obligations under the Agreement) or disclosing to third parties Plaintiff Endicia's confidential information and/or trade secrets, and (v) require Defendant ShipStation to take any and all measures necessary to allow Plaintiff Endicia complete visibility and access to its own customers.

## VIII.
## REQUEST FOR PERMANENT INJUNCTION

48.     Plaintiff Endicia asks the Court to set this request for a permanent injunction for a full trial on the merits and, after trial, issue a permanent injunction against Defendant ShipStation for same relief.

## IX.
## ATTORNEYS' FEES

49.     It has been necessary for Plaintiff Endicia to retain services of the undersigned attorneys to represent its interests in this proceeding.

50.     Defendant ShipStation breached the Agreement with Plaintiff Endicia as set forth above. Plaintiff Endicia seeks to recover their reasonably incurred costs, expenses and attorneys' fees pursuant to 10 Del. C. §39.12, 10 Del. C. §6501, Chapters 37 and 38 of the Texas Civil Practice and Remedies Code and 28 USC §2202.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Endicia prays that Defendant ShipStation be cited to appear and answer herein, and for the further relief set forth below:

(1)     Actual damages;

(2)     Exemplary damages;

(3)     For reasonable and necessary attorneys' fees and costs of court, as well as

   those for steps on appeal;

(4) Pre and post judgment interest;

(5) An injunction from the Court that:

 (a) Defendant ShipStation shall redirect to Plaintiff Endicia all of the customers of Plaintiff Endicia whom Defendants ShipStation had diverted or migrated improperly to Stamps.com;

 (b) Defendant ShipStation is prevented from soliciting Plaintiff Endicia's customers to use third party products or services similar to those offered by Plaintiff Endicia. Specifically, Defendant ShipStation must not divert Plaintiff Endicia's customers to Stamps.com or any other postage printing technology;

 (c) Defendant ShipStation is prevented either directly or through its affiliates from soliciting or inducing solicitation by another party of any of Plaintiff Endicia's customers to use third party products or services similar to those provided by Plaintiff Endicia;

 (d) That temporary, preliminary and permanent injunction is the proper remedy to which Plaintiff Endicia is entitled to against Defendant ShipStation for any breach or threat of breach of Article 7;

 (e) Defendant ShipStation is prevented from using (except in performing its obligations under the Agreement) or disclosing

        to any third parties Plaintiff Endicia's confidential information and/or trade secrets from November 12, 2013 through at least November 12, 2019; and,

    (f) Plaintiff Endicia is entitled to the payment of monthly royalties from Express One and USPS for all active customer accounts from July 23, 2014 through November 12, 2016, including such royalties for any period during which the accounts were diverted or migrated improperly to Stamps.com; and,

(6)    For such other and further relief to which Plaintiff Endicia may be justly entitled.

           Respectfully submitted,

        By: /s/ Joseph J. Krasovec, III
           Joseph J. Krasovec, III (admitted *pro hac vice*)
           SCHIFF HARDIN LLP
           6600 Sears Tower
           Chicago, IL 60606
           312-258-5639
           Fax: 312-258-5600
           Email: jkrasovec@schiffhardin.com

           Roy A. Spezia
           GERMER BEAMAN & BROWN
           301 Congress Avenue
           Suite 1700
           Austin, TX 78701
           512-472-0288
           Fax: 512-472-0721
           Email: rspezia@germer-austin.com

           *Attorneys for Plaintiff PSI Systems d/b/a Endicia*